FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 APR 29 P 1: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

WILLIE MCLAUGHLIN,

    Plaintiff,

-VS-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

CASE NO.:

3:15-cv-545-J-39 PDB

# COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2.     The TCPA was enacted to prevent companies like Portfolio Recovery Associates, LLC from invading American citizen's privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6.      The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

7.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

8.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692a(3).

9.      Plaintiff is an "alleged debtor."

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11.     Defendant, Portfolio Recovery Associates, LLC (hereinafter "PRA"), is a corporation with its principal place of business at 120 Corporate Blvd., Norfolk, VA 23502 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301-2525.

12.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692a(6).

13.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692a(5).

14.     PRA called the Plaintiff approximately three hundred (300) times since January 2014, in an attempt to collect a debt.

15.     PRA attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

2

16. PRA intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

17. On information and belief, the telephone calls were placed using automated telephone dialing equipment.

18. On information and belief, the telephone calls were made without human intervention.

19. On information and belief, the telephone calls were placed using a predictive dialer.

20. Each call PRA made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

21. PRA placed a call to Plaintiff's cellular telephone number (***) ***-0819.

22. PRA began calling Plaintiff's cellular telephone in approximately January 2014 over an alleged credit card debt.

23. In approximately June 2014, Plaintiff spoke to PRA over the phone and informed PRA to stop calling him and that he didn't have the money to pay.

24. Upon Plaintiff informing PRA that he could not pay and to cease calling him, the agents of PRA would ignore his pleas and continue in their attempts to try and coerce Plaintiff into making a payment.

25. On March 6, 2015 at 12:12 pm Plaintiff answered another call from PRA and informed the agent whom he spoke with to "stop calling."

26. Despite Plaintiff's requests for the calls to stop PRA continued its robo-calling campaign to Plaintiff's cellular telephone.

27. Due to the volume of calls received Plaintiff was not able to document every single call he received from PRA, however below is a sampling of the robo-calls he received to his cellular telephone from PRA:

i) September 8, 2014 at 1:41 pm from 601-939-2545

ii) September 8, 2014 at 4:00 pm from 601-932-8616

iii) November, 2014 from 757-663-7884

iv) November, 2014 from 205-588-7042

v) November, 2014 from 731-577-4212

vi) November, 2014 from 620-860-1573

vii) November, 2014 from 757-214-0442

viii) December, 2014 from 731-256-5140

ix) January 25, 2015 at 5:44 pm from 205-484-0134

x) January 25, 2015 at 5:45 pm from 757-214-0442

xi) January 25, 2015 at 6:08 pm from 757-663-7884

xii) January 27, 2015 at 9:22 am from 731-256-5140

xiii) January, 2015 from 205-484-0134

xiv) January, 2015 from 620-708-4210

xv) January, 2015 from 757-951-2905

xvi) February 10, 2015 at 12:59 pm from 731-256-6891

xvii) February 12, 2015 at 9:20 am from 757-952-1847

xviii) February 18, 2015 at 4:34 pm from 731-256-6891

xix) February 26, 2015 at 5:00 pm from 731-256-6891

xx) March 2, 2015 at 1:45 pm from 731-256-7209

xxi) March 6, 2015 at 12:12 pm from 731-256-7209

28. PRA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

29. PRA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or PRA, to remove the incorrect number.

30. PRA'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to PRA that they wish the calls to cease.

31. PRA has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

32. PRA has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

33. Since February 11, 2013, the Consumer Financial Protection Bureau (www.consumerfinance.gov) has received one thousand seven hundred and eighty five (1785) complaints against PRA (see Attached Exhibit "A").

34. Over the last three (3) years, the Better Business Bureau (www.bbb.org) has received and closed one thousand three hundred and ten (1310) complaints against PRA and has an alert (see Attached Exhibit "B")

35. PRA has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

36. PRA'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

37. PRA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

38.  None of PRA'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

39.  PRA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40.  Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41.  Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

42.  Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

43.  PRA repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PRA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

44.  Plaintiff incorporates one (1) through thirty-nine (39).

45.  At all times relevant to this action PRA is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

46. pra has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47. PRA has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. PRA'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PRA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

49. Plaintiff incorporates one (1) through thirty-nine (39).

50. At all times relevant to this action PRA is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

51. PRA has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52. PRA has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

53. PRA has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PRA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
BHoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff